UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LUSIK USOYAN, *et al.*,
   Plaintiffs

  v.

REPUBLIC OF TURKEY,
   Defendant.

Civil Action No. 18-1141 (CKK)

**MEMORANDUM OPINION & ORDER**
(September 21, 2022)

  Pending before this Court are Plaintiffs' [98] Motion to Compel Defendant's Participation in a Rule 26(f) Conference and Defendant Republic of Turkey's [99] Motion to Stay Pending Petition for Writ of Certiorari to the United States Supreme Court. Turkey seeks to stay this case pending resolution of its Petition for a Writ of Certiorari, which was filed in the United States Supreme Court on January 13, 2022. Plaintiffs oppose a stay and have moved to compel Turkey to participate in a discovery conference under Federal Rule of Civil Procedure 26(f).

  Upon review of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court **DENIES** Turkey's [99] Motion to Stay. In light of this decision and because the Court shall (in a separate, forthcoming order) require the parties to comply with the requirements of Rule 26(f)

---

[1] The Court's consideration has focused on the following:
- Plaintiffs' Motion to Compel Defendant's Participation in a Rule 26(f) Conference ("Pls.' Mot. to Compel"), ECF No. 98;
- Defendant's Motion to Stay Pending Petition for a Writ of Certiorari to the Supreme Court of the United States ("Def.'s Mot. to Stay"), ECF No. 99;
- Plaintiffs' Memorandum of Law in Opposition to Turkey's Motion to Stay ("Pls.' Opp'n"), ECF No. 100;
- Defendant's Opposition to Plaintiffs' Motion to Compel Participation in Rule 26(f) Conference ("Def.'s Opp'n"), ECF No. 101;
- Defendant's Reply in Support of Motion to Stay Pending Petition for a Writ of Certiorari ("Def.'s Reply"), ECF No. 102; and
- Plaintiffs' Reply Memorandum in Support of Motion to Compel Defendants' Participation in Rule 26(f) Conference ("Pls.' Reply"), ECF No. 103.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

and Local Civil Rule 16.3, the Court shall also **DENY without prejudice** Plaintiffs' [98] Motion to Compel.

## I. BACKGROUND

Plaintiffs filed their Complaint in this action on May 15, 2018. *See* Compl., ECF No. 1. Their claims arise from events that took place at a May 16, 2017 protest over Turkish President Recep Erdogan's visit to the District of Columbia. Plaintiffs were protesting President Erdogan's policies, and allege that they were attacked by Turkish security forces and civilian supporters of President Erdogan in two altercations outside the Turkish Ambassador's Residence and one altercation near the Turkish Embassy. These attacks form the basis of Plaintiffs' various claims against Defendant, the Republic of Turkey ("Turkey").[2] *See generally* Compl.; *Usoyan v. Republic of Turkey*, 438 F. Supp. 3d 1, 7–10 (D.D.C. 2020) (discussing factual background of Plaintiffs' claims). Turkey moved to dismiss all claims against it, arguing that this Court lacks subject matter jurisdiction due to Turkey's sovereign immunity. *See* Mot. to Dismiss, ECF No. 56.

On February 6, 2020, the Court denied without prejudice Turkey's Motion to Dismiss. *See Usoyan v. Republic of Turkey*, 438 F. Supp. 3d 1 (D.D.C. 2020). The Court concluded that Plaintiffs' allegations "fall within the tortious acts exception to immunity under the [Foreign Sovereign Immunities Act ("FSIA")]," and that Turkey had not shown that it was immune from suit. *Id.* at 25. On February 19, 2020, Turkey filed a [85] Notice of Appeal, indicating that it would seek review of the Court's order denying its motion to dismiss by the United States Court

---

[2] Plaintiffs in this case have only asserted claims against Turkey. *See* Compl. However, Plaintiffs in the related case have also brought claims against individual members of the Turkish security forces, and civilian Defendants. *See Kurd et al. v. Republic of Turkey et al.*, Case No. 18-cv-1117 (CKK) (D.D.C.).

2

of Appeals for the District of Columbia Circuit ("D.C. Circuit"). Notice of Appeal, ECF No. 85. On appeal, the D.C. Circuit consolidated this case with the related case, *Kurd v. Republic of Turkey*.

After hearing oral argument, D.C. Circuit "invited" the "United States Department of Justice" to "file a brief amicus curiae addressing the views of the United States" "on this case, and in particular on the source and scope of any discretion afforded to foreign security personnel with respect to taking physical actions against domestic civilians on public property (i.e., not on diplomatic grounds)." Per Curiam Order, *Lusik Usoyan et al. v. Republic of Turkey*, Nos. 20-7017, 20-7019 (D.C. Cir. Jan. 25, 2021). The United States filed a brief in support of Plaintiffs, agreeing with this Court's conclusion that Turkey was not immune from suit based on the "highly fact-intensive" inquiry. *See* Gov.'s Br. at 2, *Lusik Usoyan et al. v. Republic of Turkey*, Nos. 20-7017, 20-7019 (D.C. Cir. Mar. 9, 2021).

On July 21, 2021, a unanimous panel of D.C. Circuit affirmed this Court's order denying Turkey's motion to dismiss. *Usoyan v. Republic of Turkey*, 6 F.4th 31, 40 (D.C. Cir. 2021). Turkey unsuccessfully sought *en banc* review of the panel's decision. *See* Order, *Lusik Usoyan et al. v. Republic of Turkey*, Nos. 20-7017, 20-7019 (D.C. Cir. Oct. 15, 2021) (denying petition for *en banc* consideration without requiring response from Plaintiffs). The D.C. Circuit issued its mandate on October 25, 2021. *See* USCA Mandate, ECF No. 97.

On January 12, 2022, Plaintiffs filed a Motion to Compel Turkey to participate in a Rule 26(f) conference. *See* Pls.' Mot. to Compel. Then, on January 13, 2022, Turkey filed a petition for a writ of *certiorari* in the United States Supreme Court, seeking review of the D.C. Circuit's decision affirming this Court's denial of its motion to dismiss. *See* Petition for Writ of Certiorari, *Republic of Turkey v. Lusik Usoyan, et al.*, No. 21-1013 (U.S. Jan. 13, 2022).[3] On the following

---

[3] The Supreme Court docket is available at: https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/21-1013.html (last visited September 21, 2022).

3

day, Turkey filed its Motion to Stay in this case, requesting that this Court stay further proceedings pending the Supreme Court's consideration of its petition.

On February 14, 2022, the Supreme Court requested a response from Plaintiffs to Turkey's petition for a writ of *certiorari*, which was filed on March 15, 2022 and Turkey filed a reply on March 29, 2022. *See* Respondents' Br. in Opp'n, *Republic of Turkey v. Lusik Usoyan, et al.*, No. 21-1013 (U.S. Mar. 15, 2022); Reply Br. for Pet'r, *Republic of Turkey v. Lusik Usoyan, et al.*, No. 21-1013 (U.S. Mar. 29, 2022). The parties' briefs were distributed for the Supreme Court's April 14, 2022 conference. On April 18, 2022, the Supreme Court "invited" the "Solicitor General" to "file a brief in this case expressing the views of the United States." *See* Order, *Republic of Turkey v. Lusik Usoyan, et al.*, No. 21-1013 (U.S. Apr. 18, 2022). As of the date of this Memorandum Opinion & Order, the Solicitor General has not yet filed a brief in response and the Supreme Court has neither granted nor denied Turkey's petition.

## II.  DISCUSSION

In making determinations on motions to stay, courts "exercise [ ] judgment" and "weigh competing interests." *U.S. ex rel. Vermont Nat'l Tel. Co. v. Northstar Wireless, L.L.C.*, 288 F. Supp. 3d 28, 31 (D.D.C. 2017) (quoting *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998)). Courts look at four factors to determine whether to issue a stay:

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal;
>
> (2) the likelihood that the moving party will be irreparably harmed absent a stay;
>
> (3) the prospect that others will be harmed if the court grants the stay; and
>
> (4) the public interest in granting the stay.

*Cuomo v. United States NRC*, 772 F. 2d 972, 974 (D.C. Cir. 1985). The Court shall consider each factor in turn.

### A. Likelihood of Success on the Merits/Presentation of a Serious Legal Question

The Court first considers the likelihood that Turkey will "prevail on the merits" of its petition for a writ of *certiorari*. *Cuomo*, 772 F. 2d at 974. The Court finds that Turkey is unlikely to do so. In a comprehensive, well-reasoned decision, the D.C. Circuit affirmed this Court's denial of Turkey's motion to dismiss. *Usoyan*, 6 F.4th 31. The panel's decision was fully supported by relevant statutory and case law, addressed in detail both parties' arguments, and sought the views of the United States, which agreed with this Court's conclusion that Turkey was not immune from Plaintiffs' claims in this case. *Id.* Moreover, there was no dissenting opinion, and Turkey's request for *en banc* consideration was denied. Turkey's lack of success on the merits of its immunity arguments suggests that it is unlikely to succeed on these arguments before the Supreme Court.

However, as this Court has previously explained, to avoid "having to speculate about the ultimate outcome" of the Supreme Court's consideration of Turkey's petition for a writ of *certiorari*, it must also consider "whether or not this case presents serious legal questions." *Philipp v. Fed. Rep. of Germany*, 436 F. Supp. 3d 61, 66 (D.D.C. 2020); *see also Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977). Turkey posits that its petition raises "serious and important legal questions regarding the application of the FSIA's discretionary function exception" and "the interests of international comity, which will impact relations between the United States and foreign nations." Def.'s Mot. to Stay at 7.

To be sure, it is well-established that "actions against foreign sovereigns in our courts raise sensitive issues concerning the foreign relations of the United States and the primacy of federal concern is evident." *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 493 (1983) ("[A]ctions against foreign sovereigns in our courts raise sensitive issues concerning the foreign relations of the United States and the primacy of federal concern is evident."). However, as Plaintiffs correctly observe, in ruling on Turkey's motion to dismiss, this Court made a "very narrow, fact-specific

decision." *Usoyan*, 438 F. Supp. 3d at 21. So too did the D.C. Circuit, drawing on this Court's findings of fact and upon its own review of the video of the altercation at issue in the Complaint. *See Usoyan*, 6 F.4th at 37. Although Defendant Turkey frames its petition as presenting general questions about the "application of the FSIA's discretionary function exception" and as to the "safety of all foreign heads of state traveling to the U.S.," Def.'s Mot. at 7, this Court's decision (and the D.C. Circuit's affirmation thereof) involved applications of those principles to the specific facts of this case. The decisions of this Court and the D.C. Circuit turned on the specific facts presented by this case—not on a legal question of broad applicability. The "fact intensive" nature of the decisions by this Court and the D.C. Circuit weigh against a conclusion that Turkey's petition for a writ of *certiorari* presents a serious legal question.

Finally, that the Supreme Court has asked for the views of the United States does not tilt this factor in Turkey's favor. *See* Notice, ECF No. 105. The United States has already submitted its views on the case to the D.C. Circuit. The government agreed that that Turkey was *not* immune from this lawsuit based on the particular facts of this case and argued that this Court's denial of Turkey's motion to dismiss should be affirmed. Accordingly, the Court does not find a compelling reason to continue to delay this action pending the United States' submission of a brief to the Supreme Court when it has already weighed in.

### B. Likelihood of Irreparable Harm

Turkey argues that it will "suffer irreparable harm" in the absence of a stay, contending that further proceedings in this case will "irreparably violat[e] Turkey's sovereign immunity" pending the Supreme Court's consideration of its petition. Def.'s Mot. at 7–8. According to Turkey, "[a] stay will avoid burdening all parties with costly preliminary motions and potentially unnecessary discovery activity[.]" *Id.* at 8. Plaintiffs counter that Turkey is unlikely to incur substantial costs during the duration in which the Supreme Court considers its petition. According

to Plaintiffs, the parties would engage only in initial discovery actions, including "conferring pursuant to Rule 26, negotiating a protective order, drafting a discovery plan, and perhaps serving written discovery requests." Pls.' Opp'n at 16.

Although this Court has previously found that, in a case against an immune foreign sovereign, the burden of "defending against a lawsuit is irreversible and constitutes harm." *Philip*, 436 F. Supp. 3d at 68. In that case, however, consideration of the first factor (likelihood of success/serious legal question) was a closer call, as their had been a dissenting opinion on appeal and the Court concluded that the petition for certiorari raised "serious and important legal questions regarding the application of the [FSIA's] expropriation exception," which could affect foreign relations. Here, the Court's analysis of its jurisdiction was based on the unique factual circumstances present on this record, with which both the United States and the D.C. Circuit agreed. Accordingly, the same concerns about requiring a foreign sovereign to incur the costs of litigation are not present here.

### C. Prospect of Harm to Others and Public Interest in Granting a Stay

The Court next considers the "prospect that others will be harmed if the court grants the stay," as well as the "public interest" in granting a stay. *Cuomo*, 772 F. 2d at 974. As to the first consideration, Plaintiffs contend that they "will be harmed by stay," noting that they have "suffered injuries," some of which "have resulted in costly long-term medical care," and that they "have waited a very substantial period of time to proceed beyond threshold issues, without any compensation for their damages." Pls.' Mot. to Compel at 11. Turkey counters that "[w]aiting on the Supreme Court to rule on the certiorari petition will not cause any prejudice" in light of the length of this case to date. Def.'s Mot. at 8–9. The Court agrees with Plaintiffs that a continued stay will cause them harm by deferring their opportunity to pursue relief for the injuries.

7

Finally, Turkey argues that the "public has a strong interest in ensuring that foreign sovereigns are not inappropriately subjected to suit in the United States." Def.'s Mot. at 9. While this may be true, for the reasons *supra*, the Court is not persuaded that subjecting Turkey to suit based on specific facts and circumstances at issue in this case is "inappropriate." Neither was the D.C. Circuit so persuaded. The United States also "agree[d] with [this Court's] conclusion that Turkey is not immune from these suits[,] based on this Court's "factual determinations." *See* Gov.'s Br. at 2, *Lusik Usoyan et al. v. Republic of Turkey*, No. 20-7017 (D.C. Cir. Mar. 9, 2021). As such, Turkey's concerns about the foreign policy implications of declining a stay are misplaced.

On the other hand, Plaintiffs contend that there is a "significant public interest in resolving expeditiously" a case involving an "assault against U.S. citizens and residents on American soil by armed foreign agents[.]" Pls.' Opp'n at 17. Although this case has progressed slowly to allow Turkey to present its immunity arguments before this Court, the Court agrees with Plaintiffs that further delay weighs against the public interest in allowing them to proceed to prosecute their claims.

### III.   CONCLUSION & ORDER

For the foregoing reasons, it is this 21st day of September 2022 hereby **ORDERED** that Defendant Turkey's [99] Motion to Stay is **DENIED.** In a separate, forthcoming order, the Court shall order the parties to "fully comply with Fed. R. Civ. P. 26(f) and LCvR 16.3," and to submit a joint statement addressing the topics listed in Local Rule 16.3(c). In light of this order, the Court shall **DENY without prejudice** Plaintiffs' [98] Motion to Compel Rule 26(f) Conference.

**SO ORDERED.**

                                                           /s/
                                            COLLEEN KOLLAR-KOTELLY
                                            United States District Judge